**Ricky SNOWDEN, Plaintiff,**

v.

**WOODINGTON CORPORATION**

**and**

**SSG, Inc., Defendants.**

**Action No. 2:96cv1091.**

United States District Court,
E.D. Virginia,
Norfolk Division.

April 24, 1997.

---

Ralph Rabinowitz, Rabinowitz, Rafal, Swartz, Taliaferro & Gilbert PC, Norfolk, VA, for Ricky Snowden.

Michael John Gardner, Clark & Stant, P.C., Virginia Beach, VA, for Woodington Corporation, SSG, Inc.

## MEMORANDUM OF OPINION AND ORDER

JACKSON, District Judge.

### INTRODUCTION

This matter is before the Court upon Defendants' motion for summary judgment. Both parties have submitted briefs. Thus, this matter is ripe for judicial determination. For the reasons that follow, Defendants' motion for summary judgment is **GRANTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff, Ricky Snowden, seeks compensation for injuries he sustained on or about January 23, 1995, while drilling holes in wood pilings as part of a boat dock construction project. Claiming to be a "seaman," Plaintiff brings this action pursuant to the Jones Act, codified at 46 U.S.C.App. § 688 et seq.,[1] and

---

1. The Jones Act provides a cause of action in negligence for "any seaman" injured "in the course of his employment." 46 U.S.C.App. § 688(a). Under general maritime law prevailing prior to the statute's enactment, seamen were entitled to "maintenance and cure" from their employer for injuries incurred in the "service of the ship" and to recover damages from the vessel's owner for injuries received due to unseaworthiness of the ship, but they were not allowed to recover for negligence of the master or any member of the crew. Chandris, Inc. v. Latsis, —— U.S. ——, ——, 115 S.Ct. 2172, 2183, 132 L.Ed.2d 314 (1995). Congress enacted the Jones Act to remove the bar to suits for negligence, thereby completing the "trilogy of heightened legal protections" (unavailable to other maritime workers) that seamen receive because of their exposure to the "perils of the sea." Id. Plaintiff

general admiralty law. Plaintiff alleges that while in the course of his employment with Defendants, he was injured due to unseaworthiness and the negligence of the Defendants, their agents, and employees in failing to provide Plaintiff a safe place to work. Moreover, he claims that Defendants failed to provide him timely proper medical care and treatment, thereby aggravating Plaintiff's injuries. Plaintiff seeks maintenance and cure, actual and punitive damages, and attorneys' fees.

Plaintiff filed this action on November 6, 1996. Defendants filed an answer on December 9, 1996, asserting that Plaintiff is not a "seaman" within the meaning of the Jones Act. Defendants affirmatively · plead that Plaintiff is instead limited to the exclusive remedies provided in the Longshore and Harbor Workers' Compensation Act ("LHWCA") and is accordingly barred from bringing this personal injury action.[2]

On March 7, 1997, Defendants filed a motion for summary judgment with supporting memorandum. On March 17, 1997, Plaintiff filed a brief in opposition to Defendants' motion for summary judgment. On March 21, 1997, Defendants filed a reply brief On April 4, 1997, Plaintiff filed "Further Exhibits in Opposition to Motion for Summary Judgment" and a "Further Memorandum of Law in Opposition to Motion for Summary Judgment." On April 7, 1997, Plaintiff filed a motion for leave to file such further memorandum and exhibits. On April 9, 1997, Defendants filed a memorandum in opposition to Plaintiffs motion for leave to file further memorandum and exhibits. On April 17, 1997, Plaintiff filed a supplemental affidavit to his brief in opposition to Defendants' motion for summary judgment. Defendants filed an objection to this supplemental affidavit on April 18, 1997.

## II. LEGAL STANDARD

Summary judgment is appropriate when the court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Once a party has properly filed evidence supporting the motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c), the burden shifts to the nonmoving party to set forth specific facts showing genuine issues for trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Sylvia Dev. Corp. v. Calvert County, Md.,* 48 F.3d 810, 817 (4th Cir.1995). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552. The court must view the record as a whole and in the light most favorable to the nonmoving party. *Terry's Floor Fashions, Inc. v. Burlington Indus., Inc.,* 763 F.2d 604, 610 (4th Cir.1985). It must draw any permissible inference from the underlying facts. *Tuck v. Henkel Corp.,* 973 F.2d 371, 374 (4th Cir. 1992), *cert. denied,* 507 U.S. 918, 113 S.Ct. 1276, 122 L.Ed.2d 671 (1993).

With these controlling principles in mind, the Court turns to the merits of Defendants' motion.

## III. DISCUSSION

▮ Each of Plaintiffs claims in this lawsuit are dependent upon his assertion that he is a Jones Act seaman and is thus entitled to a seaman's remedies under maritime law. Traditional seamen's remedies have been universally recognized as "growing out of the status of the seaman and his peculiar relationship to the vessel." *Chandris, Inc. v. Latsis,* 515 U.S. 347, ——, 115 S.Ct. 2172, 2183, 132 L.Ed.2d 314 (1995) (*quoting McDermott Int'l, Inc. v. Wilander,* 498 U.S. 337, 354, 111 S.Ct. 807, 817, 112

is pursuing each of these three remedies in the present case.

**2.** The Jones Act and the LHWCA are mutually exclusive compensation regimes. The LHWCA excludes from its coverage "a master or member of a crew of any vessel." "Master or member of a crew" is a refinement of the term "seaman" in the Jones Act; it excludes from LHWCA coverage those properly covered under the Jones Act. *Chandris,* 515 U.S. at —— – ——, 115 S.Ct. at 2183–84.

L.Ed.2d 866 (1991)). The essential requirements for seaman status are twofold: (1) an employee's duties must contribute to the function of the vessel or to the accomplishment of its mission, and (2) a seaman must have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and its nature. *Chandris*, 515 U.S. at ——, 115 S.Ct. at 2190. One fundamental purpose of the "substantial connection" requirement is "to separate the sea-based maritime employees who are entitled to Jones Act protection from those land-based workers who have only a transitory or sporadic connection to a vessel in navigation, and therefore, whose employment does not regularly expose them to the perils of the sea." *Id.*

■ The total circumstances of an individual's employment must be weighed to determine whether he had a "sufficient relation to the navigation of vessels and the perils attendant thereon." *Id.* The duration of a worker's connection to a vessel and the nature of the worker's activities, taken together, determine whether a maritime employee is a seaman because "the ultimate inquiry is whether the worker in question is a member of the vessel's crew or simply a land-based employee who happens to be working on the vessel at a given time." *Id.* at —— —— ——, 115 S.Ct. at 2190–91. Moreover, the seaman status inquiry need not be limited to an examination of the overall course of a worker's service with a particular employer. *Id.* at ——, 115 S.Ct. at 2191. The inquiry into seaman status is fact specific; it depends on the nature of the vessel and the employee's precise relation to it. *Id.*

Where undisputed facts reveal that a maritime worker has a clearly inadequate temporal connection to vessels in navigation, the court may take the question from the jury by granting summary judgment. *Id.* After close examination of the evidence submitted in this case, the Court finds that Plaintiff is one such land-based worker whose connection

with vessels in navigation has been transitory and sporadic.

■ The undisputed facts concerning Plaintiff's work history are as follows: Plaintiff is a construction worker who has worked for a series of construction firms since 1982. He has worked on a number of projects through the years. Some have involved purely land-based construction; for example, Plaintiff worked on the new sewer pump station for Harbor Park and the excavation of a pump station located at Carper Navy Housing. His work on these projects involved stabilizing the hole for the subsurface work and related welding. Other projects involved fabrication welding on land at Defendants' production yard. For example, Plaintiff fabricated equipment for use in pile driving and fabricated support structures for other construction projects. All of this work was performed on land and involved welding steel components together.

Plaintiff has been involved in marine construction projects such as bulkhead construction, bridge modifications, boat ramp construction, and construction of facilities for mooring boats, but was only involved insofar as his welding or pile driving skills were needed, and much of this work likewise was performed on land. Further, Plaintiff was assigned on a project basis, never to a specific vessel or group of vessels. He always returned home to eat and sleep, driving back to the job site each day.

In addition to his deposition testimony, Plaintiff offers two affidavits[3] that describe in general terms his work on barges and speculate that over 50 percent of Plaintiff's work has been on tugs and derrick barges. The affidavits attempt to portray a significantly different work history as they make no mention whatsoever of the land-based work which has comprised most of Plaintiff's career as a welder and pile driver. Plaintiff characterizes the affidavits not as "contradictions" of his earlier deposition testimony, but

**3.** The Court notes that the second of these affidavits, filed April 17, 1997, is untimely, as Plaintiff's time for filing his opposition brief and supporting materials expired on March 18, 1997, pursuant to Rule 7(E)(1) of the Local Rules of the

United States District Court for the Eastern District of Virginia. Despite its untimeliness, the Court has considered this affidavit for purposes of this motion, but finds that this affidavit is likewise unavailing.

merely "amplifications" of that testimony and argues that he has set forth "more than enough evidence" for a jury to find that Plaintiff is a seaman. The Court disagrees.

Depositions inherently carry an increased level of reliability, as they are adversarial in nature and provide the opportunity for direct and cross-examination. *Darnell v. Target Stores,* 16 F.3d 174, 176 (7th Cir.1994). Plaintiff's deposition was extensive. It covered Plaintiff's entire work history, dates of employment, type of job and duties. Moreover, Plaintiff was aware that his status as a Jones Act seaman would be determinative in this case. Having given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, Plaintiff cannot now create a genuine issue of fact by relying on self-serving affidavits generated after-the-fact which seek to portray a substantially different work history than his uncontroverted deposition testimony portrays. *See generally, Darnell,* 16 F.3d at 176–77; *Barwick v. Celotex Corp.,* 736 F.2d 946, 959–60 (4th Cir.1984); *Van T. Junkins and Assoc., Inc. v. US. Industries, Inc.,* 736 F.2d 656, 657–59 (11th Cir.1984).

The Court finds that even with his supplemental affidavits, Plaintiff has not created any genuine issue of material fact as to his status as a Jones Act seaman. He has failed to show that he is a "master or member of a crew" or has a connection to Defendants' fleet of vessels that is substantial in both duration and nature. Accordingly, no reasonable factfinder could find for Plaintiff on this issue.

### IV. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is **GRANTED.**

IT IS SO **ORDERED.**